### No. 705

MENIHAN CO. v. KREITER & McMILLAN

No. 19239. Supreme Court

On motion to certify. Dock. July 3, 1925; 3 Abs. 417.

923. PLEADINGS—Is general denial, claimed to be in amended answer, immaterial and of no effect if admissions and allegations therein abrogate said denial.

1063. SALES—Where goods are received, part thereof sold under alleged mistake, is seller estopped from denying liability?

The Menihan Co. brought an action in the Tuscarawas Common Pleas against Russel Kreiter and Nelson McMillan, d. b. a. the K. & M. Boot Shop. Said cause was based upon an account for merchandise sold and delivered to the Boot Shop, the company claiming there was due it $615.52 with interest from Sept. 19, 1923.

The K. & M. Shop denied that any merchandise had been sold them from April 24, 1923. It admitted certain goods were delivered by the Menihan Co. but without its request or order. The Boot Shop averred that the goods received July 27, 1923, by some mistake found lodgment in its stock, and that several weeks later it became aware of the mistake and immediately notified the company offering to return what stock had not been sold and tendering $236.88, the amount due for those goods sold.

The Company moved that judgment be rendered on the pleadings which motion was overruled and on trial, the jury returned the verdict for the company for $236.88. Error was prosecuted to the Court of Appeals and the judgment of the trial court was affirmed.

In the Supreme Court the Company contends that the trial court erred in overruling its motion for a judgment on the pleadings. 11601 GC. provides: "When upon the state-

ments in the pleadings one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, although a verdict has been found against such party." It is contended that the company's motion for judgment on the pleadings was to the effect that the K. & M.'s answer states no defense to the petition and is a mere plea in confession and avoidance, and fails to set out any facts which constitutes an avoidance of the confession and is in effect a general demurrer to said answer.

It is contended that the contention of the defendants that its answer contains a general denial, is immaterial because the general denial is abrogated and annulled by the allegations and admissions contained therein and is of no force and effect.

It is claimed that it was the legal duty of the defendants to notify the company that they had not ordered the merchandise and would not accept same; and failing to do so are estopped from alleging that merchandise was received and more than one third thereof sold by mistake; and cannot take advantage of the condition they themselves caused. It is claimed the defendants by their conduct accepted the goods.

The company further avers that the law imposed an obligation on part of the Boot Shop under allegations of their amended answer, to offer to return goods or give notice that they would not accept same within a reasonable time after the receipt, and failure to do so estops them from denying liability; as does selling of part thereof. Conversion of a part, amounts to conversion of the whole, especially where remaining part is thereby impaired.

Attorneys—Siekel & Hill, Dover, for Company: Wilkie, Fernshell & Fisher, New Philadelphia for Kreiter et.